## Fourth Court of Appeals
### San Antonio, Texas



## MEMORANDUM OPINION

No. 04-25-00214-CV

**IN THE INTEREST OF K.D.P.** and J.J.P.

From the 454th Judicial District Court, Medina County, Texas
Trial Court No. 24-02-28949-CV
Honorable Robert J. Falkenberg, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Irene Rios, Justice
                Adrian A. Spears II, Justice
                Velia J. Meza, Justice

Delivered and Filed: June 25, 2025

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her children, K.D.P. and J.J.P.[1] The Texas Department of Family and Protective Services filed this suit, seeking termination of Mother's parental rights to the children. After a bench trial, the trial court found by clear and convincing evidence three statutory grounds[2] to terminate Mother's parental rights and that termination of her parental rights is in her children's best interests. Mother timely appealed the trial court's order.

Mother's court-appointed appellate attorney filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures in appeal from order terminating parental

---

[1]To protect the identity of the minor children, we refer to the parties by fictitious names, initials, or aliases. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2]The trial court found termination of Mother's parental rights were warranted under subsections 161.001(b)(1)(D), (E), and (O) of the Texas Family Code. *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (O).

rights). Counsel's brief contains a professional evaluation of the record and demonstrates that there are no arguable grounds to be advanced. In the brief, Counsel concludes that this appeal is frivolous and without merit. In compliance with the procedure set out in *Anders*, counsel has shown that he sent a letter to appellant, which explained appellant's right to review the record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014); *In re P.M.*, 520 S.W.3d at 27. In the letter to appellant, counsel stated that he had enclosed copies of the brief and motion to withdraw. *See Kelly*, 436 S.W.3d at 319. This court then set a deadline for appellant to file a pro se brief. Mother did not request access to the record or file a pro se brief.

We have reviewed the record and counsel's *Anders* brief. We agree with counsel that this appeal is without merit. Therefore, we affirm the trial court's order terminating appellant's parental rights.

Counsel filed a motion to withdraw in conjunction with his *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied). Counsel's duty to his client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE § 107.016; *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's obligations to his client may be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief. *See In re P.M.*, 520 S.W.3d at 27-28 & n.14.

Adrian A. Spears II, Justice